*H*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,

-vs-

D-1 STEPHEN HILL,

                  Defendant.

_____/

CRIMINAL NO. 10-CR-20202

HONORABLE PAUL D. BORMAN

OFFENSES: 1.) HOBBS ACT EXTORTION- 18 U.S.C.
§ 1951
2.) CONSPIRACY TO COMMIT PROGRAM
FRAUD - 18 U.S.C. §§ 371 AND 666

STATUTORY MAXIMUM PENALTIES: 1.) A Maximum
of up to 20 years imprisonment, and a Fine of up
to $250,000.00; 2.) A Maximum of up to 5 years
imprisonment, and a Fine of up to $ 250,000.00

**FILED**

MAY 0 2 2011

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

### **RULE 11 PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Defendant STEPHEN HILL

and the Government agree as follows:

1.     **GUILTY PLEAS**

      A.    **Counts of Conviction**

Defendant will enter a plea of guilty to Counts Three and Four of the Superseding

Indictment, which charge Hobbs Act extortion and conspiracy to commit program fraud in

excess of $5,000.00, respectively.

      B.    **Elements of Offenses**

#### **COUNT THREE**

The elements of Count One are: 1.) First, that the Defendant Stephen Hill or a person

whom he aided and abetted knowingly and wrongfully obtained cash or other property from another person or persons; (2.) Second, that the defendant Stephen Hill or a person whom he aided and abetted did so by means of extortion under color of official right; (3.)Third, that the defendant Stephen Hill believed that the person or persons who were the subjects of the extortion would have parted with the money or property because of the extortion; and (4.) Fourth, that the conduct of the defendant Stephen Hill or a person whom he aided and abetted would have affected, or had the potential to affect interstate commerce.

**COUNT FOUR**

The elements of Count Four are: 1.) First, that two or more people conspired or agreed to commit the offense of program fraud; 2.) Second, that the Defendant Stephen Hill knowingly and voluntarily joined the conspiracy, aware of its objects and intending to further them; 3.) that a member of the conspiracy committed one of the overt acts set forth in the indictment for the purpose of advancing the conspiracy.

The elements of § 666(a)(1)(A)(I) program fraud are:
(1) First, that the defendant was an agent of an agency of local government, such as the Detroit Public Schools system ("DPS");(2) Second, that the defendant obtained by fraud and knowingly and without authority converted to the use of someone other than the rightful owner some money;(3) Third, that the money was owned by, or under the care and custody of the Detroit Public Schools system;(4) Fourth, that the money had a value of $5,000 or more; and (5) Fifth, that the Detroit Public Schools system in a one year period, received more than $10,000 under any federal program involving a grant, contract subsidy, loan, guarantee or other assistance.

- 2 -

### C.    Factual Basis for Guilty Pleas

The following facts are a sufficient and accurate basis for defendant's guilty pleas:

### COUNT THREE

That on August 11, 2006, Associates for Learning submitted to DPS an invoice (Invoice No. 1501) in the amount of $1,110,000.00 for services to be rendered in facilitating a wellness program for DPS employees. On that same date, August 11, 2006 Defendant Stephen Hill, as Acting Executive Director of the DPS Risk Management Department, signed a DPS payment approval memorandum pertaining to the Associates for Learning invoice in question.

That thereafter, on September 5, 2006, DPS wire-transferred $1,110,000.00 to the bank account of Associates for Learning. Each of the four members of Associates for Learning thereafter paid Defendant Stephen Hill a 5% cash kickback, approximately $55,500.00. That this cash payment to Stephen Hill was delivered to him by Co-Defendant and Associates for Learning member Sherry Washington.

That Stephen Hill's actions affected or had the potential to affect interstate commerce, because Stephen Hill deposited $13,825 of this kickback in his federally insured credit union on September 12, 2006, and because DPS in 2006 spent millions of dollars on supplies purchased from out of state vendors.

### COUNT FOUR

That from some time in August, 2005, up to and including September 2009, in the Eastern District of Michigan and elsewhere, two or more people conspired or agreed to fraudulently obtain more than $5,000 in United States currency from the Detroit Public Schools system ("DPS"), an entity which received over $10,000 in federal funding during the year in

question. Defendant Stephen Hill knowingly and voluntarily joined this unlawful agreement, aware of its purpose and intending to further it.

In furtherance of this conspiracy, Defendant Hill and others participated in a scheme to defraud the Detroit Public Schools System ("DPS") of monies in excess of $5,000. Defendant Hill and co-conspirators, doing business as "Associates For Learning," knowingly submitted fraudulently inflated invoices to DPS for facilitating a wellness program for the DPS Department of Risk Management.

In approximately July, 2005, DPS Risk Management Executive Director Stephen Hill invited Associates For Learning to facilitate a wellness program for DPS employees. Although Hill officially left the employ of DPS on September 5, 2005, he maintained contact with, and influence over, DPS Risk Management.

Associates For Learning on September 6, 2005 submitted an invoice to DPS in the amount of $75,000 and a proposed total fee of $150,000 to facilitate the "We Care" wellness program to DPS employees. DPS did not open the facilitation of a wellness program for competitive bidding, and entered no written contract with Associates For Learning, in violation of DPS policy. On October 27, 2005, DPS wire transferred $75,000 to the bank account of Associates For Learning.

In December, 2005, Co-Defendant Sherry Washington, a member of Associates For Learning, met with Stephen Hill, former Executive Director of DPS Risk Management, and asked if Associates For Learning could submit an invoice to DPS for one million dollars; Hill responded affirmatively.

Thereafter, between December 28, 2005 and August 11, 2006, Associates For Learning

submitted invoices totaling over $3,300,000 to DPS, which were paid by DPS. Members of

Associates for Learning as co-conspirators paid kickbacks in the form of cash payments of 5% of

Associates For Learning's DPS billings back to Stephen Hill. Hill returned to DPS Risk

Management on loan from an insurance company and served as the acting Executive Director of

DPS Risk Management. Hill personally approved and requested the final two wire transfer

payments to Associates For Learning, which totaled $ 2,195,000.

On September 5, 2006, DPS wire transferred the third and final payment to Associates

For Learning, in the amount of $1,110,000. This payment had been approved and requested by

Stephen Hill, acting Executive Director of DPS Risk Management. Each of the four co-

conspirators who was a member of Associates for Learning, including Defendant Bond, was to

receive $262,500, representing approximately 25% of the $1,110,000 DPS payment.

A Co-Defendant Sherry Washington then advised other members of Associates For

Learning,  to produce $13,875 in cash to be given to Stephen Hill, representing 5% of the

$1,110,000 payment from DPS that  members of Associates For Learning received. On

September 6, 2006, Co-Defendant Marilyn White wrote a check to "Cash" in the amount of

$13,875, and delivered $13,875 in cash  to Co-Defendant Sherry Washington to deliver to

Stephen Hill. On September 12, 2006, Stephen Hill deposited $13, 825 in U.S. currency into his

credit union account.

During each one year period during the conspiracy, DPS received in excess of $10,000 in

federal funding.

2.     **SENTENCING GUIDELINES**

    A.     **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

**B.**     **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's

guideline range is 108-135 months, as set forth on the attached worksheets.  If the Court finds:

a) that defendant's criminal history category is higher than reflected on the

attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant

made any false statement to or withheld information from her probation officer;

otherwise demonstrated a lack of acceptance of responsibility for her offense(s);

or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 108-135 months, the higher

guideline range becomes the agreed range.  However, if the Court finds that defendant is a career

offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the

sentencing guidelines or other federal law, and that finding is not already reflected in the attached

worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different

than any position of that party as reflected in the attached worksheets, except as necessary to the

Court's determination regarding subsections a) and b), above.

**3.**     **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must

consider the sentencing guideline range.

**A.**     **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the parties agree that a

sentence of imprisonment not to exceed 108 months would be an appropriate sentence  in this

- 6 -

case.

**B.    Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release on Counts Three and Four of between two and three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised.

**C.    Special Assessment**

Defendant will pay a special assessment of **$200.00** and must provide the government with a receipt for the payment before sentence is imposed.

**D.    Fine**

There is no agreement as to the amount of any fine to be imposed by the Court.

**E.    Restitution**

There is no agreement as to any amount of restitution to be paid in this case.

4.    **Use of Withdrawn Guilty Plea**    If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B) , defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5.    **Each Party's Right To Withdraw From This Agreement**

The Government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the

Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

6.      **RIGHT TO APPEAL**

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the Government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

7.      **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.      **OTHER PROMISES**

In consideration for Defendant's guilty plea to Counts Three and Four, the Government will move to dismiss Counts One, Two, Five, Six, Eight, and Nine at sentencing.

**COOPERATION AGREEMENT**

The parties agree as follows:

1.     Cooperation.    Defendant agrees to assist the United States Attorney's Office in the investigation and prosecution of others involved in criminal activities, as specified below.

      A.     Truthful Information and Testimony.  Defendant will provide truthful and complete information concerning all facts known to him concerning the unlawful activities of other persons.  Defendant will provide full debriefings as requested to the U.S. Attorney, and federal, state, and local law enforcement agencies.  Defendant will provide truthful testimony at all proceedings, criminal, civil, or administrative, as requested by the U.S. Attorney.  Such testimony may include, but is not limited to, grand jury proceedings, trials, and pretrial and post-trial proceedings.  Defendant agrees to be available for interviews in preparation of all testimony.   Defendant understands that this obligation to provide cooperation continues after sentencing and that failure to follow through constitutes a breach of this agreement.

      B.     Nature of Cooperation.  The defendant agrees to cooperate in good faith, meaning that the defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing.  In other words, the defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached this agreement because defendant was not specifically asked questions about those crimes, participants, or involvement.  Defendant will notify the United States Attorney in advance if defendant intends to offer a statement or debriefing to other persons other than defendant's attorney.  Defendant is not prevented in any way from providing truthful

- 9 -

information helpful to the defense of any person.  Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines  the effectiveness of defendant's cooperation, constitutes a breach of this agreement.

2.    Government's Authority Regarding Substantial Assistance

A.    Substantial Assistance Determination.      It is exclusively within the government's discretion to determine whether defendant has provided substantial assistance. Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will either seek a downward departure at sentencing under U.S.S.G. § 5K1.1, or a  reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate.  If the government makes such a motion, the amount of  the reduction, if any, will be determined by the Court.

B.    Downward Departure.  The parties agree that if the government makes such a motion at or before the time of sentencing, the government will recommend that the defendant be sentenced to a term of 54 months imprisonment.  If the motion is made after sentencing (pursuant to Rule 35, Federal Rules of Criminal Procedure), the government will recommend the same departure as stated above.  The Court may accept the government's recommendation and sentence defendant to a term of 54 months. Alternatively, the Court may reduce defendant's sentence but impose a sentence longer than 54 months, or the Court may refuse to reduce defendant's sentence at all.  Defendant understands and agrees that the court's failure to reduce defendant's sentence, or its imposition of a sentence longer than 54 months shall not constitute a valid basis for

defendant to withdraw from this agreement or to withdraw his plea of guilty.

C.    Use of Information Against Defendant.  In exchange for defendant's agreement  to
cooperate with the government, as outlined above, the government agrees not to use new
information that defendant provides (pursuant to this agreement) about defendant's own criminal
conduct against defendant at sentencing in this case.  Such information may be revealed to the
court but may not be used against the defendant in determining defendant's sentence range,
choosing a sentence within the range, or departing from the range.  There shall be no such
restrictions on the use of information: (1) previously known to law enforcement agencies; (2)
revealed to law enforcement agencies by, or discoverable through, an independent source; (3) in
a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this
agreement.

## 9.    PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except
the United States Attorney's Office for the Eastern District of Michigan.

## 10.    SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the
complete agreement between the parties. This agreement supersedes all other promises,
representations, understandings and agreements between the parties concerning the
subject matter of this plea agreement that were made at any time before the guilty plea is
entered in court. Thus, no oral or written promises made by the government to defendant
or to the attorney for the defendant at any time before defendant pleads guilty are binding
except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a

proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 11.  ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on April 6, 2011. The Government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
*United States Attorney*


KATHRYN MCCARTHY
*Assistant United States Attorney*
*Chief, Public Corruption Unit*

J. MICHAEL BUCKLEY
*Assistant United States Attorney*

Date:  *April 5, 2011*

*(continued on next page)*

By signing below, defendant acknowledges that he has read  this entire document, understands it, and agrees to its terms.  He also acknowledges that he is satisfied with his attorney's advice and representation.  Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.


BRIAN LEGGHIO, ESQ.
*Attorney for Defendant*

STEPHEN HILL
*Defendant*

Dated: April 10, 2011

| Defendant: | Stephen Hill | Count(s): | Three and Four |
|---|---|---|---|
| Docket No.: | 10-20202 | Statute(s): | 3.) 18 U.S.C. § 1951<br>4.) 18 U.S.C. §§ 371 and 666 (a)(1)(A) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all  "closely related" to each other within the meaning of  U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. Ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2C1.1(a)(1) and (b)(1) | Hobbs Act Extortion (Color of Official Right) | (16 |
| +(b)(2) | > $3,000,000 | +18) |
| | | 34 |
| § 2B1.1(a)(1),  (b)(1)(J) | Program Fraud, > $3,000,000. | 24 |
| | | |

## 2.   ADJUSTMENTS  (U.S.S.G. Ch. 3, Pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

| 34 |
|---|

************************

*If this is the only Worksheet A, check this box and skip Worksheet B.*  ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*  ☑

Rev.  8/2010

| Defendant: | Stephen Hill | Count(s): | Three and Four |
|---|---|---|---|
| Docket No.: | 10-20202 | Statute(s): | 18 U.S.C. § 1951 and §§ 371 and 666 (a)(1)(A) |

# WORKSHEET B   (Multiple Counts)

## Instructions   (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (see U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE**: COUNT(S) __One and Four__
   ADJUSTED OFFENSE LEVEL _____      | 34 | | 1 unit |

2. **GROUP TWO**: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____      | | | unit |

3. **GROUP THREE**: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____      | | | unit |

4. **GROUP FOUR**: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____      | | | unit |

5. **TOTAL UNITS**      | | | units |

6. **INCREASE IN OFFENSE LEVEL**

   | 1 unit ➔ no increase | 2 1/2 - 3 units ➔ add 3 levels |
   |---|---|
   | 1 1/2 units ➔ add 1 level | 3 1/2 - 5 units ➔ add 4 levels |
   | 2 units ➔ add 2 levels | > 5 levels ➔ add 5 levels |

   | 0 |

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**      | 34 |

8. **COMBINED ADJUSTED OFFENSE LEVEL**      | 34 |

   Enter the sum of the offense levels entered in Items 6 and 7.

Rev. 8/2010

| Defendant: | Stephen Hill | Count(s): | Three and Four |
|---|---|---|---|
| Docket No.: | 10-20202 | Statute(s): | 18 U.S.C. § 1951 and §§ 371 and 666 (a)(1)(A) |

# **WORKSHEET C   (Criminal History)**

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

### **Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):**       **3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### **Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):**       **2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### **Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):**       **1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the

| Defendant: | Stephen Hill | Count(s): | Three and Four |
|---|---|---|---|
| Docket No.: | 10-20202 | Statute(s): | 18 U.S.C. § 1951 and §§ 371 and 666 (a)(1)(A) |

instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

**(WORKSHEET C, p. 2)**

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

## 3. COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However, enter only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

## 4. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(f))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

## 5. TOTAL CRIMINAL HISTORY POINTS

Enter the sum of the criminal history points entered in Items 1-4.

`0`

## 6. CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

**I**

Rev. 8/2010

| Defendant: | Stephen Hill | Count(s): | Three and Four |
|---|---|---|---|
| Docket No.: | 10-20202 | Statute(s): | 18 U.S.C. § 1951 and §§ 371 and 666 (a)(1)(A) |

# WORKSHEET D   (Guideline Range)

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level
entered in Item 8 of Worksheet B.

34

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

-3

**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

31

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category
entered in Item 6 of Worksheet C.

I

**5.    CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER
CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

    a.  <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision
(U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender
provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in
Item 3, enter the higher offense level total.

    b.  <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal
provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a
criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal
history category.

**6.    GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a
and the criminal history category entered in Item 4 or 5.b.

108-135<br>months

**7.    STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered
in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the
sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

| Defendant: | Stephen Hill | Count(s): | Three and Four |
|---|---|---|---|
| Docket No.: | 10-20202 | Statute(s): | 18 U.S.C. § 1951 and §§ 371 and 666 (a)(1)(A) |

# WORKSHEET E   (Authorized Guideline Sentences)

**1.     PROBATION  (U.S.S.G. ch. 5, pt. B)**

      a.    <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

[✔]    1.    Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]    2.    Probation is authorized by the guidelines (minimum of guideline range = zero months).

      3.    Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

      b.    <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

[ ]    1.    At least 1 year but not more than 5 years (total offense level ≥ 6).

      2.    No more than 3 years (total offense level < 6).

      c.    <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

      The court must impose certain conditions of probation and may impose other conditions of probation.

**2.     SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[ ]    a.    A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]    b.    A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.     IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

      A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

Rev. 8/2010

| Defendant: | Stephen Hill | Count(s): | Three and Four |
|---|---|---|---|
| Docket No.: | 10-20202 | Statute(s): | 18 U.S.C. § 1951 and §§ 371 and 666 (a)(1)(A) |

**(WORKSHEET E, p. 2)**

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a. Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

☐ 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☑ 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐ 4. The statute of conviction requires a minimum term of supervised release of ____ months.

c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

☐ 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

☐ 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is **$** __.

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $ 3.3 million as to Counts Three and Four (to DPS). (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☑ 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $ __. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐ 5. Restitution is not applicable.

Rev. 8/2010

| Defendant: | Stephen Hill | Count(s): | Three and Four |
|---|---|---|---|
| Docket No.: | 10-20202 | Statute(s): | 18 U.S.C. § 1951 and §§ 371 and 666 (a)(1)(A) |

**(WORKSHEET E, p. 3)**

## 6.   FINE (U.S.S.G. § 5E1.2)

### a.   Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

### b.   Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $___ | $___ |

## 7.   SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

$100.00 for every count charging a felony ($400 for a corporation)
$ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
$ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
$   5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 200.00   .

## 8.   FORFEITURE (U.S.S.G. § 5E1.4)

☐  Assets of the defendant will be forfeited.    ☐  Assets of the defendant will not be forfeited.

## 9.   ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

## 10.   UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

*J. Michael Buckley*
_____
J. Michael Buckley, AUSA                                                    March 30, 2011

Rev. 8/2010